FILED
2011 MAY 16 PM 1:29
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MOSSHOLDER BROM,<br><br>                      Plaintiff,<br>vs.<br><br>STARBUCKS COFFEE COMPANY, INC.,<br><br>                      Defendant. | CASE NO. 10cv2292 BEN (CAB)<br><br>ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>[Docket No. 14] |

Before the Court is Defendant's motion ("Motion") for a partial judgment on the pleadings. The Motion is made on the grounds that Plaintiff's discrimination claims are barred by the statute of limitations. For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

This action arises from Plaintiff Jason Brom's former employment by Defendant Starbucks Coffee Company, Inc. Plaintiff worked in a management-level position, in charge of improving the sales and operations of problematic stores. Plaintiff alleges, among other things, that Defendant discriminated against him based on his sexual orientation. Specifically, Plaintiff alleges he received disparate treatment of Defendant's policies and procedures; he was denied a bonus and promotion in late 2007 and April 2008, respectively; and, he was constructively terminated in June 2008 due to the hostile work environment created by the discrimination. (Compl., ¶¶ 30-33.)

On June 12, 2009, Plaintiff filed an administrative complaint with the California Department of Fair Employment and Housing ("DFEH"). (Compl., ¶ 6; RJN, Ex. A.) The DFEH gave Plaintiff

1  a right-to-sue letter. *Id.*

2  On September 21, 2010, Plaintiff initiated this action in California Superior Court. The Complaint includes four causes of action: two based on discrimination, one based on harassment, and one based on retaliation. All of Plaintiff's claims are based on California's Fair Employment and Housing Act ("FEHA"). On November 5, 2010, the action was removed to this Court based on diversity jurisdiction. (Docket No. 1.)

On March 4, 2011, Defendant filed the Motion currently before the Court. (Docket No. 14.) The Motion moves for judgment on the pleadings of Plaintiff's First and Third Causes of Action, for discrimination and failure to take corrective action, respectively. Plaintiff filed an opposition, and Defendant filed a reply. (Docket Nos. 15, 20.) For the reasons set forth below, the Motion is DENIED.

## DISCUSSION

"After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate when, taking all material facts as true, the moving party is entitled to judgment as a matter of law. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Although Rule 12(c) does not expressly authorize "partial" judgments, neither does it bar them, and it is common practice to apply Rule 12(c) to individual causes of action. *Strigliabotti v. Franklin Resources, Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005); *see also Curry v. Baca*, 497 F. Supp. 2d 1128, 1130-31 (C.D. Cal. 2007).

Plaintiff's discrimination claims, *i.e.*, the First and Third Causes of Action, are based on the FEHA. The FEHA requires any aggrieved employee to file a complaint with the DFEH within one year of the alleged unlawful act. Cal. Gov't Code §12960(d). Plaintiff's discrimination claims are based, in part, on his denial of a bonus in late 2007 and denial of a promotion in April 2008. (Compl., ¶¶ 31, 32.) If those were the only bases of his claims, as Defendant contends, the claims would be time-barred on the grounds that Plaintiff did not file his DFEH complaint until June 2009, over one year later. (Compl., ¶ 6; RJN, Ex. A.) However, Defendant's Motion ignores that those two acts, even if discrete, are alleged as part of a scheme or pattern of discriminatory conduct that ultimately led to the constructive termination of Plaintiff on June 30, 2008. (Compl., ¶¶ 9-28.)

Discrete acts outside of the limitations period may still be considered, and are not time-barred, if they are "sufficiently linked to unlawful conduct that occurred within the limitations period." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1056 (2005). This concept is also known as the continuing violation doctrine and enables the Court to consider Plaintiff's claims collectively. *Id.* The continuing violation applies "if the employer's unlawful actions are (1) sufficiently similar in kind . . ., (2) have occurred with reasonable frequency; (3) and have not acquired a degree of permanence." *Richards v. CH2M Hill, Inc.*, 26 Cal.4th 798, 823 (2001).

Here, Defendant's alleged misconduct includes not only the denial of a bonus and denial of a promotion, but also disparaging remarks from the store manager and Defendant's failure to investigate or respond to Plaintiff's complaints. These latter acts are alleged to have taken place within the limitations period. (Compl., ¶¶ 18-28.) Additionally, they are part and parcel of Plaintiff's overall claim of discrimination under the FEHA, to which the denial of a bonus and denial of a promotion also relate. Therefore, the "sufficiently similar" prong is satisfied. The Court further notes that, according to the Complaint, the first unlawful act occurred in late 2007 with the denial of his bonus, followed by the denial of a promotion in or around April 2008. Around the same time and for the next two months, disparaging remarks were made to Plaintiff, which Defendant failed to investigate or ameliorate. All of these alleged instances are reasonably close in time and related; therefore, the second prong of the *Richards* test is also satisfied.

As to "permanence," the *Richards* court held that "permanence" means clear conduct by the employer showing that any further attempt at informal conciliation would be futile. (*Richards,* 26 Cal.4th at 823.) Here, after Plaintiff was denied a bonus and promotion, Defendant allegedly informed Plaintiff of additional steps he could take to win a promotion, which Plaintiff undertook. (Compl., ¶¶ 16-28.) Plaintiff was also told that he would eventually receive his bonus. (*Id.*, ¶ 10.) Taking these allegations as true, which the Court must do for purposes of Rule 12(c), the Court finds that a reasonable employee would not find further attempts at informal conciliation futile. Accordingly, the lack-of-permanence standard is also satisfied, and the continuing violation doctrine applies to Plaintiff's FEHA discrimination claims.

The Court's findings are consistent with the general policy of applying the continuing violation

doctrine liberally to FEHA claims. *Yanowitz*, 36 Cal.4th at 1057. Defendant's argument against the continuing violation doctrine relies almost exclusively on cases under Title VII of the Civil Rights Act of 1964, the federal counterpart to FEHA. (P. & A., 5-6.) Title VII and the FEHA provide similar protection and courts may generally look to cases under Title VII for guidance on interpreting FEHA. *Reno v. Baird*, 18 Cal.4th 640, 647-48 (1998). However, unlike for Title VII, courts refuse to take a strict approach to the FEHA limitations period, "in order to minimize the filing of unripe lawsuits and to promote the conciliatory resolution of claims." *See, e.g., Yanowitz*, 36 Cal.4th at 1057-59 (distinguishing Title VII discrimination claims and FEHA discrimination claims). Defendant fails to cite cases showing the continuing violation doctrine does not apply to Plaintiff's FEHA claims, and the Court could find none. Accordingly, the Court finds that Plaintiff's First and Third Causes of Action are not barred by the one-year statute of limitations.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Judgment on the Pleadings is **DENIED**.

**IT IS SO ORDERED.**

Date: May /3, 2011

Hon. Roger T. Benitez
United States District Court Judge